**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ROBERT JOSEPH BRIERLEY,**

**Plaintiff,**

**v.**                                                    **CASE NO. 20-3240-SAC**

**KEVIN FRIEND, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Robert Joseph Brierley is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file a proper amended complaint to cure the deficiencies.

**1. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Linn County Jail in Mound City, Kansas ("LCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff alleges in his Complaint that on January 11, 2020, he was severely beaten by another inmate while he was a pretrial detainee at the LCJ. Plaintiff claims that "they" put him in a cell with a mentally ill man that beat Plaintiff, while Brandon Lewis watched on the camera for nine minutes before stopping the assault. Plaintiff alleges that he is now being charged for the hospital bills resulting from the attack and there is no follow up with doctors. Plaintiff alleges that he received a concussion, two black eyes, damage to his orbital cheek bone, a broken nose, cracked teeth and a fractured jaw. Plaintiff alleges that there is a criminal case against his assailant.

1

Plaintiff names as defendants:  Kevin Friend, Sheriff at LCJ; Kimberly Herring, LCJ Jail Administrator; Brandon Lewis, CO at LCJ; Molly Rhinerart, Nurse Practitioner at LCJ; and the LCJ.  Plaintiff seeks thirty million dollars in damages due to mental health PTSD, medical bills, and physical injuries.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S.

Ct. at 1974).

## III. DISCUSSION

### 1. Failure to Protect

Plaintiff alleges that while he was a pretrial detainee at the LCJ, he was not properly protected from another inmate. The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)); *see also Contreras on behalf of A.L. v. Dona Ana Cty. Bd. of Cty. Comm'rs*, 965 F.3d 1114, 1116 at n.2 (10th Cir. 2020) (Tymkovich Concurring) (noting that where assaulted party was a pretrial detainee, rather than a convicted prisoner, lawsuit is considered under the Fourteenth Amendment's provision for due process, although the Eighth Amendment's prohibition against "cruel and unusual punishments" guides the court's analysis) (citations omitted); *see also Hooks v. Atoki*, ___ F.3d ___, 2020 WL 7756320, at *7–8 (10th Cir. Dec. 29, 2020) (declining to extend *Kingsley's* exclusively objective standard for pretrial detainees' excessive force claims to Fourteenth Amendment deliberate indifference claims, including those based on failure to prevent jailhouse violence).

"[P]rison officials have a duty to 'provide humane conditions of confinement,' including 'tak[ing] reasonable measures to guarantee the safety of . . . inmates.'" *Hooks*, 2020 WL 7756320, at *9 (quoting *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (alteration and omission in original) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). "This duty includes 'a duty to protect prisoners from violence at the hands of other prisoners.'" *Id*. (citations omitted). However, "prison officials who act reasonably cannot be found liable." *Id*. (citing *Farmer*, 511

4

U.S. at 845).

A claim of deliberate indifference requires a Plaintiff to allege "that an official acted (or failed to act) in an objectively unreasonable manner and with subjective awareness of the risk." *Strain v. Regalado*, 977 F.3d 984, 987 (10th Cir. 2020) (noting that "the word deliberate makes a subjective component inherent in the claim"). Plaintiff must show that CO Lewis responded unreasonably to the attack. *Hooks*, 2020 WL 7756320, at *9 (citing *Farmer*, 511 U.S. at 844 (explaining that "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted")).

A defendant's subjective intent is also inherent in the concept of deliberate indifference. *Id*. at *8. "[A]n official's intent matters not only as to what the official did (or failed to do), but also why the official did it." *Id*. (citing *Strain*, 977 F.3d at 993). Plaintiff must "establish that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Strain*, 977 F.3d at 990 (citations and alteration omitted).

Plaintiff claims that "they" put him in a cell with a mentally ill man that beat Plaintiff, while CO Lewis watched on the camera for nine minutes before stopping the assault. Plaintiff does not provide supporting facts regarding who placed him in the cell, and whether or not they were aware that the other inmate was a danger to Plaintiff. Plaintiff fails to state facts in support of his assertion that CO Lewis was watching the camera and regarding why there was a delay in the response. *See Hooks*, 2020 WL 7756320 at n.11 (stating that as the district court found, "it is undisputed that a detention office[r] could not respond to a disturbance without backup"). Plaintiff

has failed to allege sufficient facts to show that CO Lewis was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that he also drew the inference.

### 2. Personal Participation

Plaintiff has failed to allege how each defendant personally participated in the deprivation of his constitutional rights.  Plaintiff's Complaint only mentions Defendant Lewis in the body of the Complaint.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).  An official's liability may not be predicated solely upon a theory of respondeat superior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the

state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

### 3. Medical Claims

Plaintiff makes a vague allegation that there was no follow up by a doctor. Plaintiff also submitted exhibits in support of his Complaint, which included various Inmate Written Request forms by which Plaintiff inquired about medical care. Staff responded by informing Plaintiff that the Inmate Written Request form was not a medical sick call form or that they would relay the request to medical. (Doc. 5, at 3, 4, 7, 8, 9, 10, 12 and 13.) Plaintiff has not provided factual allegations as to whether he submitted a sick call form, what medical help he requested, and who denied him medical care. Any amended complaint must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

Plaintiff also alleges that he is being charged for his medical bills. Plaintiff does not allege that medical services were withheld for failure to pay. Courts have upheld the practice of charging inmates for medical services against Eighth Amendment and due process challenges. *Harper v. Tritt*, 726 F. App'x 101, 103 (3rd Cir. 2018) ("There is nothing unconstitutional about a prison program that requires an inmate to pay for a small portion of his medical care so long as the provision of needed medical care is not conditioned on an inmate's ability or willingness to pay."); *Tijerina v. Patterson*, 507 F. App'x 807, 810 (10th Cir. 2013) ("Although a state must provide inmates with basic medical care, . . . we are not aware of any authority suggesting such care must

be provided free of charge with respect to prisoners who have the ability to pay."); *Cannon v. Mason*, 340 F. App'x 495, 499 (10th Cir. 2009) ("The fact the prison's policy requires inmates with adequate resources to pay a small cost for their health care is not unconstitutional."); *Bailey v. Carter*, 15 F. App'x 245 (6th Cir. 2001) (requiring an inmate to make a three dollar co-pay for medical treatment does not violate the Eighth or Fourteenth amendments); *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (policy requiring inmates to pay for their medications if they can afford to do so did not violate constitution); *Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997) (rejecting argument that charging inmates for medical care is *per se* unconstitutional—if a prisoner is able to pay for medical care, requiring such payment is not "deliberate indifference to serious medical needs"); *Holmes v. Howard*, Civil No. 06-1041, 2007 WL 505360, at *6 (W.D. Ark. Feb. 14, 2007) ("Inmates may be constitutionally required to pay for their own medical expenses, if they can afford to do so.") (citations omitted).  Plaintiff has failed to state a claim based on his medical bills.

### 4. Improper Defendant

Plaintiff names the LCJ as a defendant.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).  Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL

462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). Plaintiff's claims against the LCJ are subject to dismissal.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **February 19, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (20-3240-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **February 19, 2021**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated January 20, 2021, in Topeka, Kansas.**

<u>**S/ Sam A. Crow**</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**