IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT JOSEPH BRIERLEY,**

      **Plaintiff,**

      v.                                                CASE NO. 20-3240-SAC

**KEVIN FRIEND, et al.,**

      **Defendants.**

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Robert Joseph Brierley is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint that are discussed herein. Plaintiff is also given the opportunity to file a proper second amended complaint to cure the deficiencies.

**1. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Linn County Jail in Mound City, Kansas ("LCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis*. The Court entered a Memorandum and Order and Order to Show Cause (Doc. 8) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim and granting him the opportunity to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff filed an Amended Complaint (Doc. 12), and this matter is before the Court for screening the Amended Complaint. The Court's screening standards are set forth in detail in the Court's MOSC.

Plaintiff alleges in his Amended Complaint that in January 2020, he was placed in a cell with an inmate suffering from mental illness. Plaintiff alleges that the inmate beat Plaintiff,

1

fracturing his jaw and eye socket, breaking his nose, and knocking out Plaintiff's teeth. Plaintiff claims that it was Sheriff's Friend's responsibility to keep him safe and Friend failed to do so. Plaintiff alleges that "these people" are the ones who make the choice of where inmates are housed in the LCJ, and "they" knew that this man was dangerous. Plaintiff also states that this could have been a hate crime because Plaintiff is involved in a sex case. Plaintiff states that he feels this all could have been prevented. There is a criminal case pending against his assailant.

As Count I, Plaintiff claims that he was negligently placed into a harmful environment and his life was put at risk. Plaintiff claims that Virginia Haynes, Brandon Lewis and two Correctional Officers were fully aware of the violence. Plaintiff claims that Defendants Friend and Herring gave the orders to put Plaintiff in the cell with the other inmate.

As Count II, Plaintiff claims that Herring did not follow up with dental and hospital check-ups regarding his injuries. As Count III, Plaintiff claims that medical is charging him for injuries sustained and he is receiving "no treatment for PTSD." (Doc. 12, at 5.)

In an attachment to his Amended Complaint, Plaintiff asks for an extension to obtain documents from the Linn County Court. Plaintiff states that Friend informed Plaintiff that the Correctional Officers were told many times that the inmate was acting funny and saying odd things when he was in the "bull pen," so they took him out and put him in a cell with Plaintiff. (Doc. 12–1, at 1.) Plaintiff claims that he is still missing three teeth and it has been two months since he had a dental checkup.

Plaintiff names as defendants: Kevin Friend, Sheriff at LCJ; Kimberly Herring, LCJ Jail Administrator; and the LCJ. Plaintiff seeks thirty million dollars in damages due to mental health PTSD, medical bills, and physical injuries. Plaintiff seeks "at least" 2.5 million dollars in

compensation, and "compensation for every day [he had] to deal with the pain of 1.5 million and all medical bills paid off for being beaten." *Id*. at 6.

## II. Discussion

"[P]rison officials have a duty to 'provide humane conditions of confinement,' including 'tak[ing] reasonable measures to guarantee the safety of . . . inmates.'" *Hooks , v. Atoki*, 983 F.3d 1193, 1205 (10th Cir. 2020) (quoting *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (alteration and omission in original) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). "This duty includes 'a duty to protect prisoners from violence at the hands of other prisoners.'" *Id*. (citations omitted). However, "prison officials who act reasonably cannot be found liable." *Id*. (citing *Farmer*, 511 U.S. at 845).

The Court found in the MOSC that a claim of deliberate indifference requires a plaintiff to allege "that an official acted (or failed to act) in an objectively unreasonable manner and with subjective awareness of the risk." *Strain v. Regalado*, 977 F.3d 984, 987 (10th Cir. 2020) (noting that "the word deliberate makes a subjective component inherent in the claim"). While Plaintiff argues that the Correctional Officers were aware that the other inmate was mentally ill and acting funny, he does not allege facts showing that the Defendants were aware that the inmate posed a risk to Plaintiff's safety. Plaintiff claims that he was negligently placed in the same cell with the inmate, but negligence is insufficient to state a claim under § 1983.

In the MOSC, the Court found that Plaintiff failed to allege how each defendant personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th

Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

The Court found in the MOSC that Plaintiff failed to provide factual allegations as to whether he submitted a sick call form, what medical help he requested, and who denied him medical care. The Court cautioned that any amended complaint must allege facts describing the

4

unconstitutional acts taken by each defendant including dates, locations, and circumstances, and that Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

Plaintiff's amended complaint shows that he received medical and dental care. Delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). Plaintiff has failed to allege deliberate indifference.

Plaintiff is concerned about his medical bills and noted that he had not seen the dentist for two months. Plaintiff does not allege that medical services were withheld for failure to pay. Courts have upheld the practice of charging inmates for medical services against Eighth Amendment and due process challenges. *Harper v. Tritt*, 726 F. App'x 101, 103 (3rd Cir. 2018) ("There is nothing unconstitutional about a prison program that requires an inmate to pay for a small portion of his medical care so long as the provision of needed medical care is not conditioned on an inmate's ability or willingness to pay."); *Tijerina v. Patterson*, 507 F. App'x 807, 810 (10th Cir. 2013) ("Although a state must provide inmates with basic medical care, . . . we are not aware of any authority suggesting such care must be provided free of charge with respect to prisoners who have the ability to pay."); *Cannon v. Mason*, 340 F. App'x 495, 499 (10th Cir. 2009) ("The fact the prison's policy requires inmates with adequate resources to pay a small cost for their health care is not unconstitutional."); *Bailey v. Carter*, 15 F. App'x 245 (6th Cir. 2001) (requiring an inmate

to make a three dollar co-pay for medical treatment does not violate the Eighth or Fourteenth amendments); *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (policy requiring inmates to pay for their medications if they can afford to do so did not violate constitution); *Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997) (rejecting argument that charging inmates for medical care is *per se* unconstitutional—if a prisoner is able to pay for medical care, requiring such payment is not "deliberate indifference to serious medical needs"); *Holmes v. Howard*, Civil No. 06-1041, 2007 WL 505360, at *6 (W.D. Ark. Feb. 14, 2007) ("Inmates may be constitutionally required to pay for their own medical expenses, if they can afford to do so.") (citations omitted). The Court found in the MOSC that Plaintiff has failed to state a claim based on his medical bills.

Plaintiff names the LCJ as a defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). The Court found in the MOSC that Plaintiff's claims against the LCJ are subject to dismissal.

Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC. The Court will grant Plaintiff an opportunity to show good cause why his Amended Complaint should

not be dismissed and will grant him an opportunity to file a proper second amended complaint to cure the deficiencies set forth herein and in the MOSC.

### III. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Amended Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper second amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper second amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file a second amended complaint within the prescribed time that cures all the deficiencies discussed herein and in the MOSC at Doc. 8, this matter will be decided based upon the current deficient Amended Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 5, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein and in the MOSC at Doc. 8.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (20-3240-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **November 5, 2021**, in which to file a complete and proper second amended complaint to cure all the deficiencies discussed herein and in the MOSC at Doc. 8.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated October 7, 2021, in Topeka, Kansas.**

<u>S/ Sam A. Crow</u>
SAM A. CROW
SENIOR U. S. DISTRICT JUDGE