IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT JOSEPH BRIERLEY,**

    **Plaintiff,**

    v.                                          CASE NO. 20-3240-SAC

**KEVIN FRIEND, et al.,**

    **Defendants.**

## **MEMORANDUM AND ORDER**

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. At the time of filing, Plaintiff was a pretrial detainee at the Linn County Jail in Mound City, Kansas ("LCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis*. The Court entered a Memorandum and Order and Order to Show Cause (Doc. 8) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim and granting him the opportunity to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff filed an Amended Complaint (Doc. 12). The Court screened the Amended Complaint and entered a Memorandum and Order and Order to Show Cause (Doc. 13) ("MOSC II") granting Plaintiff until November 5, 2021, in which to show good cause why his Amended Complaint should not be dismissed or to file a proper second amended complaint to cure the deficiencies.

The MOSC II was mailed to Plaintiff at his address of record and was returned to the Court as undeliverable. (Doc. 15). The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3). Plaintiff has failed to provide the Court with a Notice of Change of Address and has failed to respond to the MOSC II by the Court's deadline.

1

The Court found in the MOSC II that Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC.  The Court found that:  Plaintiff fails to allege facts showing that the Defendants were aware that another inmate posed a risk to Plaintiff's safety; Plaintiff claims that he was negligently placed in the same cell with the inmate, but negligence is insufficient to state a claim under § 1983; Plaintiff failed to allege how each defendant personally participated in the deprivation of his constitutional rights;  Plaintiff failed to allege deliberate indifference; and the LCJ is not a proper defendant.

The MOSC II provides that "[i]f Plaintiff does not file a second amended complaint within the prescribed time that cures all the deficiencies discussed herein and in the MOSC at Doc. 8, this matter will be decided based upon the current deficient Amended Complaint and may be dismissed without further notice for failure to state a claim."  (Doc. 13, at 7.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC and MOSC II.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated November 8, 2021, in Topeka, Kansas.**

<u>S/ Sam A. Crow</u>
SAM A. CROW
SENIOR U. S. DISTRICT JUDGE
